Bryan F. Aylstock (FL, AL, MS)*
Justin G. Witkin (FL, MS)*
Douglass A. Kreis (FL)*
Neil D. Overholtz (FL)* (1972-2022)
R. Jason Richards (FL, CO)*
Bobby J. "Brad" Bradford (FL, AL)*
Stephen H. Echsner (FL)*
Daniel J. Thornburgh (FL, MN)*
Alexandra B. Echsner-Rasmussen (FL)*
Reagan Charleston Thomas (LA)*
Savannah Green (FL)*

E. Samuel "Sam" Geisler (FL, IL)*
Jennifer M. Hoekstra (LA)*
Chelsie R. Warner (MT, NV, WA)*
S. Mary Liu (CA, FL)*
Samantha M. Katen (FL, NC, CO)*
Caitlyn P. Miller (FL, AL, DC)*
D. Nicole Guntner (FL, NY)*
Hannah R. Pfeifler (FL)*
Catherine A. Mitchell (AL)*
Maury S. Goldstein (FL)*
Nathan C. Bess (FL)†*
Marybeth Putnick (DE, NJ)†*

* States in which attorney is licensed to practice law
† Of counsel

**Aylstock Witkin Kreis Overholtz**

www.AWKOLAW.com

17 East Main Street, Suite 200 • Pensacola, Florida 32502
Phone: (850) 202-1010 • Fax: (850) 916-7449

September 27, 2024

Molly C. Dwyer
Clerk of Court
United States Court of Appeal for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Re: *Bowen v. Energizer Holdings, Inc., et al.*
Case No. 23-55116
Response to Notice of Supplemental Authority - F. R. App. 28(j) and Circuit Court Rule 28-6 *Castillo v. Prime Hydration LLC*, 2024 WL 4133815, at *2 (N.D. Cal. Sept. 9, 2024).

*Castillo* is a curious case for Defendants to cite as supplemental authority since it *denied* defendant's motion to dismiss for lack of standing. First, the court rejected the claim that plaintiff lacked standing because she had not alleged that any of sports drink bottles she had purchased actually contain PFAS. *Castillo v. Prime Hydration LLC*, 2024 WL 4133815, at *2 (N.D. Cal. Sept. 9, 2024). "At this stage, however, [plaintiff] does not need to allege that her specific purchases contained PFAS as she alleges that testing showed substantial levels of PFAS in the product." *Id*. The plaintiff's allegations "that she purchased the Grape Sports Drink, which she would not have purchased, or would have paid less for, if she had known that it contained PFAS," standing alone, are sufficient to confer standing. *Id*. (citing *Maya v. Centex, Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011)).

Second, the court rejected defendant's claim that plaintiff only alleged a" speculative risk of harm." *Id*. at *3. On this point, defendant relied on the EPA's proposed maximum contamination level for drinking water for PFAS and PFOA, while the plaintiff relied on the fact that independent testing revealed that PFAS levels in the sports drinks were higher than the recommended EPA' interim lifetime health advisory. *Id*. The court pointed out that the EPA's proposed maximum contamination level for public water cited by defendant is a different standard from the interim lifetime advisory cited by plaintiff. *Id*. at *3. Given that there was no conclusive guidance from either the FDA or the EPA on the issue at hand, the court refused to decide this contested issue of fact: "Although [defendant] may later show that the levels of PFAS in Grape Sports Drink are safe, at this stage, the Court declines to resolve this 'hotly contested issue of fact' as it goes to the merits of [plaintiff's] claims." *Id*. (citing *Gagetta v. Walmart, Inc.*, 646 F.Supp.3d 1164, 1173 (N.D. Cal. 2022)).

Other recently issued district court decisions are in accord. *See, e.g.*, *Howard v. Alchemee*, LLC, 2024 WL 4272931, at *5 (C.D. Cal. Sept. 19, 2024) ("the safety of the benzene level to which Plaintiffs were or could have been exposed is a factual question that would be inappropriate to resolve at the pleading stage"); *Rodriguez v. Mondelez Glob. LLC*, 703 F.Supp.3d 1191, 1205 (S.D. Cal. 2023) ("("What constitutes an 'unsafe level' of lead or cadmium is a question of fact not appropriately resolved on a motion to dismiss. … At this stage, Plaintiffs have plausibly alleged that *no* amount of lead or cadmium is safe for human consumption. Accepting Plaintiffs' allegations as true, as the court must, the Court concludes that Plaintiffs have adequately shown an injury-in-fact.").

Thus, *Castillo* supports Plaintiff's points that:

- "the issues of whether the FDA's alleged 2 ppm benzene standard is preclusive and/or what amount of benzene leads to harm are hotly contested issues of fact that go to the merits of Plaintiff's claims. As such, they are inappropriate to resolve on a motion to dismiss." Appellant's Opening Brief at 28 (citing, *inter alia*, *Gagetta v. Walmart, Inc.*, 646 F.Supp.3d 1164, 1173 (N.D. Cal. 2022)).

- "it was error for the lower court to conclude that Plaintiff's interpretation of the various non-binding FDA guidance documents is implausible. *See Dreier*, 106 F.3d at 847. *See also United ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1189 (9th Cir. 2001) (stating, in a case where the district court considered evidence outside the pleadings in ruling on a Rule 12(b)(1) motion, that 'the reviewing court must accept as true the factual allegations of the complaint')." Appellant's Reply Brief at 13.

Sincerely,

Aylstock, Witkin, Kreis & Overholtz, PLLC

R. Jason Richards

RJR/cgd